# EDGAR A. MACKLIN, etc.,

*v.*

## J. H. HOLLANDER, Treasurer of Porto Rico, et al.

---

### JURISDICTION.

1. A suit, at the time it is filed, not coming within the jurisdiction of the court, should be dismissed on demurrer.
2. An amendment stating that the amount involved will be so increased within a certain time as to bring it within the jurisdiction alleges only a possibility, and cannot be considered.

October 14, 1901.

---

*Mr. Pettingill,* District Attorney, for complainant.

*Mr. Harlan,* Attorney General, for defendants.

HOLT, Judge, delivered the following opinion:

This cause is submitted upon demurrer to the bill as amended, and motion to dismiss it. The parties have been fully heard. It is evident the complainant originally based his case upon the idea that the military post exchange was a governmental agency, performing a governmental function; was a part of the government; that to tax its supplies would be impeding governmental action, and that therefore it could not be done. The court held it should not be so considered, and the demurrer to the bill was sustained. The point that this was a suit by

Macklin v. Hollander.

the United States government or its governmental agency was, therefore, eliminated from the case.

The complainant has, by an amendment to his bill, altered his position, and now claims there was no law authorizing insular taxation of the beer the exchange was receiving. It is unnecessary to determine this question if it be true, as claimed by the other side, that the averments of the bill as amended, both as to diverse citizenship and the amount involved, are insufficient to give this court jurisdiction. The bill fails to aver diverse citizenship. The minimum civil jurisdiction of this court when both the bill and the amendment were filed was $2,000. There is an averment in the amended bill that the tax by way of stamps amounts to $1,255.68, and there is an attempt to meet the objection to jurisdiction by averring that the tax upon the beer the exchange will import before the end of the fiscal year will amount to $4,612. This is but a possibility. It cannot be considered upon the question of jurisdiction. It is the amount of taxes claimed when this action was brought, or, at most, the sum claimed, and that had been paid under protest upon former shipments; and this according to the averment does not near reach $2,000. The demurrer is, therefore, sustained; and the complainant declining to plead further the cause will be dismissed at his costs, and an order will be so entered.